UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AAA FLAG & BANNER MFG., CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>FLYNN SIGNS AND GRAPHICS, INC., A California Corporation; DAVID FLYNN, an individual; and DOES, 1-10 inclusive,<br><br>Defendants. | Case No. CV09-02053 ODW (VKBx)<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW FOLLOWING COURT TRIAL |

On March 15, 2010, having considered the Motion for Summary Judgment filed by Defendants Flynn Signs and Graphic, Inc. and David Flynn, and having found that Plaintiff AAA Flag & Banner Mfg. Co. Inc. had failed to present sufficient evidence to establish the existence of actual damages or recoverable profits resulting from the alleged infringement of Plaintiff's copyrighted material; and that Plaintiff's second claim for Unfair Competition under California Business & Professions Code section 17200 is preempted by its claim for Copyright Infringement, Plaintiff was permitted to proceed to trial with its copyright claim to the extent it seeks a permanent injunction against the future use of its allegedly copyrighted images.

The action came on for bench trial on April 21, 2010. Plaintiff was represented by Diana Courteau and Jason Barbanell of the Law Office of Courteau & Associates. Defendants were

represented by James J. S. Holmes and Kanika D. Corley of Sedwick, Detert, Moran & Arnold LLP.

After consideration of the evidence, briefs and arguments of counsel, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Defendant David Flynn owns a sign manufacturing company, Flynn Signs and Graphic, Inc.

2. Defendants maintained a website where they posted certain images, some of which Defendants authored and others that were authored by others and posted with permission.

3. Defendants obtained the images which are the subject of this action from the website Bannerland.com, after first receiving verbal permission to do so from the owner of Bannerland, Terry Melancon, Sr.

4. Terry Melancon, Sr. neither imposed a time limit on the oral license nor revoked the oral license that governed Defendants' use of the images at issue in this lawsuit.

5. Terry Melancon, Sr. sold Bannerland to Plaintiff, the sale becoming effective January 1, 2000.

6. After the sale of Bannerland to Plaintiff, Plaintiff maintained Bannerland as a separate and distinct banner production company from Plaintiff and provided the public with no notice of the affiliation of the two companies.

7. Defendants were not placed on notice of the sale of Bannerland.

8. Defendants had no knowledge of the sale of Bannerland until they were advised by Plaintiff's counsel that Plaintiff considered Defendants' use of the images to constitute copyright infringement in or about November 2008.

9. Although Defendants believed they had a license to use the images, once adequately identified, the images were promptly removed from Defendants' website. Removal was confirmed by a representative from Plaintiff's counsel's office before the Complaint was filed on March 25, 2009.

10. At no time prior to trial were defendants advised that the written descriptions placed

under the images should also be removed. Those descriptions were, by way of example, such generic phrases as "outdoor sign", "colorful banner signs", "colorful streamer signs", "banner signs," "streamer signs", "football banner sign", "yellow banner sign", "NFL sign", "car sign", and "tour bus sign" among others. Plaintiff maintained at trial that the continued presence of those descriptive phrases constituted continuing infringement. The court finds that Plaintiff has no ownership interest in those phrases.

11. According to the Certificate of Registration, Plaintiff first published its copyrighted images on January 1, 2004. The effective date of registration is March 5, 2009.

12. The images in question were first published more than five years before the date of registration.

13. The Certificate of Registration and testimony of Craig Furst are insufficient to establish the existence of a valid copyright in the allegedly infringing images.

14. Craig Furst was the only witness proffered by Plaintiff to testify as to the alleged existence of a valid copyright in the allegedly infringing images.

15. Craig Furst was unable to identify which of the subject images which appeared on Defendants' website were images on which Plaintiff held a valid copyright.

16. Plaintiff was unable to introduce evidence that the subject images were original works of authorship of which Plaintiff is the original owner, or were images made for hire by Plaintiff, or had been assigned to Plaintiff by an instrument in writing.

17. Defendants never re-posted the images in question to their website.

18. There was no evidence presented indicating that Defendants have any intention of re-posting the images in question to the website.

19. Defendants website presents no threat of commercial harm to Plaintiff or the risk of consumer confusion.

///

///

///

///

## CONCLUSIONS OF LAW

1.  The issues raised by the operative Complaint are governed by the Copyright Act, 17 U.S.C. §§ 501 *et seq*.

2.  The statutory presumption of copyright validity does not apply here, where the images were admittedly published more than five years before the date of registration. *Religious Technology Center v. Netcom On-Line Communication Services, Inc.,* N.D. Cal. 1995, 923 F.Supp. 1231, 1241; 17 U.S.C. §410(c).

3.  Plaintiff has not met its burden to establish authorship and/or valid transfer of right in the subject images from the author pursuant to 17 U.S.C. §§201(a)-(d) and 204(a).

4.  Plaintiff lacks standing to maintain an action for copyright infringement. Proof of ownership of an existing, valid and registered copyright interest is a statutory prerequisite to filing an infringement action, 17 U.S.C. §411. Production of a Certificate of Registration was insufficient to establish an ownership interest in the images at issue.

5.  Plaintiff was unable to demonstrate: "(1) that it has suffered an 'injury in fact' that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged actions of the defendants; and (3) is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envt'l Services, Inc.,* 528 U.S. 167, 180-181 (2000); Nelson v. NASA, 530 F.3d 865, 873 (9th Cir. 2008).

6.  Plaintiff failed to demonstrate that the alleged injury would have been redressed by the injunction sought. See *Oregon v. Legal Services Corp.*, 552 F.3d 965, 969 (9th Cir. 2009).

7.  Plaintiff was unable to demonstrate that there was or is a threat of continuing violation of the copyright by the Defendants. *Mai Systems Corp. v . Peak Computer, Inc.* 991 F.2d 511, 520 (9th Cir. 1993).

8.  THE COURT FINDS that based on the evidence presented at trial and from the entire record, that Plaintiff has not established that it is entitled to maintain an action for copyright infringement and is therefore not entitled to the relief requested. The court therefore finds in favor or Defendants Flynn Signs and Graphics, Inc. and David Flynn. Judgment will be entered

in favor of Defendants pursuant to Rule 52(c) and against Plaintiff.  Defendants are entitled to recover costs and attorneys fees.

IT IS SO ORDERED.

DATED:  April 29, 2010

_____
Otis D. Wright II
UNITED STATES DISTRICT JUDGE