UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2053 ODW (VBKx) | | Date | June 10, 2010 |
|---|---|---|---|---|
| Title | *AAA Flag & Banner Mfg. Co. v. Flynn Signs and Graphics, Inc., et al.* | | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings (In Chambers):**  **ORDER DENYING MOTION OF COURTEAU & ASSOCIATES TO WITHDRAW AS COUNSEL FOR PLAINTIFF AAA FLAG & BANNER MFG. CO., INC. [170]**

Before the Court is Courteau & Associates's motion to be relieved as counsel of record for Plaintiff AAA Flag & Banner Manufacturing Company ("Plaintiff"). (Docket No. 170.) The motion is made on the grounds that: (1) Courteau & Associates and Plaintiff have irreconcilable differences of opinion over the future handling of this case; (2) Plaintiff has engaged in conduct that makes it unreasonably difficult for Courteau & Associates to continue its representation; and (3) Plaintiff has refused to comply with the terms of the hourly fee agreement and presently owes Courteau & Associates payment for more than six hundred (600) hours of legal work already performed in this action. The motion is made pursuant to L.R. 83.2.9. The motion is denied.

## I.   FACTUAL BACKGROUND

Diana Courteau ("Courteau") submits that beginning in November 2009 and continuing to date, her client ceased paying Courteau & Associates' invoices in a prompt and complete manner and has carried a significant running and outstanding balance ever since. (Courteau Decl. ¶ 5.) Presently, Plaintiff has paid less than one-half (1/2) of the outstanding legal fees incurred for legal services rendered by Courteau & Associates for the prosecution of this action. (*Id.*) Over the course of the last few months, Courteau & Associates has repeatedly requested that Plaintiff pay at least a portion of the amount outstanding on its invoices, and Plaintiff has refused. (*Id.* ¶ 6.) Moreover, in the last few months, communication between Plaintiff and Courteau & Associates has become increasingly strained, and there remain continued disagreement between the parties over the past and future handling of this case. (*Id.*) Based on the parties' irreconcilable differences and Plaintiff's alleged refusal to abide by the terms of the fee agreement with respect to timely payment of fees, Courteau & Associates requests leave to withdraw from its representation of its client.

## II.   DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2053 ODW (VBKx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | AAA Flag & Banner Mfg. Co. v. Flynn Signs and Graphics, Inc., et al. | | |

"Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." L.R. 83-2.9.2.4.

Here, an order allowing Courteau & Associates to withdraw from representing Plaintiff will cause a considerable delay in the completion of the instant action. A corporation may not appear in any action or proceeding pro se. L.R. 83-2.10.1. Therefore, it would be necessary for Plaintiff to seek immediate representation should the Court grant the instant motion. However, neither Victor Sapphire of Connolly Bove Lodge & Huze LLP nor Gary Lorch of Gordon & Rees LLP, the two attorneys who Ms. Courteau claims to have "appeared" on behalf of Plaintiff in this case, is willing to handle the pending post-trial motions. (Sapphire Decl. ¶¶ 9-10; Lorch Decl. ¶¶ 7-8; Furst Decl. ¶¶ 7-11.) Because of the length of time that this case has been pending, and because of the status of the matter, allowing Courteau & Associates to withdraw will require the Court to stay completion of this case pending substitution of new counsel, who will then require time to familiarize himself or herself with this case and all the pending post-trial motions.

In addition to the apparent delay that will result from an order granting the instant motion, Plaintiff will be substantially harmed if Ms. Courteau is permitted to withdraw at this juncture. As Mr. Furst submits on behalf of Plaintiff AAA, Ms. Courteau "is best positioned to handle the post-trial motions. There is no way for AAA Flag to locate a new attorney, work out an acceptable scope of representation, and permit that new attorney sufficient time to familiarize himself or herself with the history of this case, the record, and the post-trial issues without causing significant delay in the resolution of those post-trial proceedings and without causing AAA Flag to incur significant expense." (Furst Decl. ¶ 16.) With regard to Ms. Courteau's complaints regarding Plaintiff's failure to pay her fees, Plaintiff informs the Court that once this case has been concluded, Plaintiff will work with Ms. Courteau to resolve all outstanding fee issues. (*Id.* ¶ 4.) Further, Mr. Furst states that while he objects to Ms. Courteau's withdrawal at this juncture, once post-trial motions and related matters have been resolved, Plaintiff is agreeable to the substitution of another attorney in place of Ms. Courteau. (*Id.* ¶ 3.)

Mandatory withdrawal from representation is only required: (1) when a member knows or should know that its client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person; (2) when the member knows or should know that continued employment will result in violation of the rules of professional conduct or of the State Bar Act; or, (3) when the member's mental or physical condition renders it unreasonably difficult to carry out the employment effectively. *See* Cal. R. Prof. Conduct, Rule 3-700(B). Under the circumstances of this case, there is no basis for mandatory withdrawal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2053 ODW (VBKx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | *AAA Flag & Banner Mfg. Co. v. Flynn Signs and Graphics, Inc., et al.* | | |

### III. CONCLUSION

For the reasons discussed above, the Court **DENIES** the motion without prejudice to refiling the same after all post-trial matters have been concluded in this case.

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | RGN | |